United States District Court
for the
Southern District of Florida

| United States of America, | ) | |
|---|---|---|
| Plaintiff | ) | |
| | ) | |
| v. | ) | Criminal Case No. 18-20060-CR-Scola |
| | ) | |
| Frederick Barbieri, | ) | |
| Defendant. | ) | |

**Order Denying Motion for Compassionate Release**

This matter is before the Court upon Defendant Frederik Barbieri's pro se motion for compassionate release as provided for in 18 U.S.C. § 3582(c)(1), requesting that the Court release him due to terminal medical conditions and risks posed by the COVID-19 pandemic. After careful consideration, the Court **denies** Barbieri's motion. **(ECF No. 83.)**

**1. Background**

In January 2018, the Defendant was indicted on charges of conspiracy to commit arms offenses against the United States, delivery of firearms to a contract carrier without written notification, firearms smuggling, and illegally exporting firearms and other items. (ECF No. 3.) The Defendant pled guilty to conspiracy to commit offenses against the United States and to unlicensed exportation of firearms. (ECF No. 28.) The Government dismissed the other charges. On July 19, 2018, the Defendant was sentenced to a 152-month term of imprisonment and 3 years of supervised release. (ECF No. 40.) The Defendant has served approximately 36 months of his sentence.

On April 29, 2020, the Defendant requested a reduction to his sentence or compassionate release from the Bureau of Prisons ("BOP".) The Defendant cited multiple health conditions including coronary health diseases, and the threat to his health in light of Covid-19. The Defendant's plan if released is to reside with his daughter in Miami Beach and to receive medical treatment through Mount Sinai Hospital.

BOP denied the Defendant's request on May 6, 2020, explaining that the Defendant was only 48 years old and was not considered elderly, nor were his medical conditions were not debilitating. The Defendant did not appeal the decision through the Administrative Remedy Program.

Barbieri filed the subject motion arguing his conditions (coronary artery disease, ischemia, high blood pressure, and diabetes) are serious medical conditions which put him at an increased risk of severe Covid-19 infection. (ECF No. 83.) The Government opposed the motion arguing that those conditions did not constitute an extraordinary and compelling reason for release. The Court denied Barbieri's motion for compassionate release, which he appealed to the Eleventh Circuit Court of Appeal.

During the appeal, the Government changed its position based on recent guidance from the Centers for Disease Control and conceded that Barbieri's conditions constitute an extraordinary and compelling reason for release. The Eleventh Circuit vacated the order denying the motion and remanded with instructions to reevaluate Barbieri's motion. (ECF No. 100.) Barbieri filed a supplemental motion reiterating his original arguments. (ECF No. 102.) The Government filed a supplemental response opposing Barbieri's release for two reasons. First, he has convicted of serious offenses and served minimal time of his sentence. And second, Barbieri was offered the Moderna vaccine in January 2021 and refused it. (ECF No. 105 at 5.)

## 2. Legal Standards

Section 3582 allows the Court to consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C.A. § 3582(c)(1)(A). The relevant Sentencing Guidelines Policy Statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." U.S.S.G. § 1B1.13. The Court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* at policy stmt. Based on this framework, in order to qualify for compassionate release, the Court must find extraordinary and compelling reasons warrant Barbieri's release, that he is not a danger to the community, and consider the factors in 18 U.S.C. § 3553(a). The Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 329 (11th Cir. 2013) (noting defendant has the burden to show circumstances meeting the test for a reduction of sentence).

## 3. Analysis

The Government argues that the motion to be denied on several grounds: (1) Barbieri has failed to exhaust administrative remedies because he did not appeal BOP's denial, (2) Barbieri's medical concerns must not be as severe because he refused a vaccine against Covid-19, and (3) Barbieri was convicted of serious offenses and has served a minimal part of his sentence. (ECF No. 83 at 2); (ECF No. 105 at 5.) Barbieri argues that the exhaustion requirement has been waived due to the extraordinary circumstances in his case, chiefly his medical conditions and the heightened risk for death if infected with Covid-19 (ECF No. 90 at 2-4). In his supplemental motion, Barbieri also argues that he satisfied the requirement by waiting until the warden denied his request to file the subject motion. (ECF No. 102 at 2-3.)

As a preliminary matter, the motion must be denied for failure to exhaust administrative remedies. Barbieri concedes that he did not appeal the warden's decision through the Administrative Remedy Program and thus, Barbieri has failed to exhaust his administrative remedies. *United States v. Guzman*, No. 11-CR-20362, 2020 WL 6214093, at *3 (S.D. Fla. Sept. 17, 2020) (McAliley, MJ.), *report and recommendation adopted,* No. 11-CR-20362, 2020 WL 6204408 (S.D Fla. Oct. 22, 2020) (Huck, J.) (denying motion for compassionate release because the defendant had not fully exhausted his administrative remedies because he had not appealed the warden's decision through the administrative remedy program nor that thirty days had passed since his appeal); *United States v. Eyerman*, No. 2:17-cr-134-FtM-29MRM, 2020 WL 2466189, at *3 (M.D. Fla. May 13, 2020) ("While defendant requested compassionate leave from the Warden and received a denial of that request, there is no allegation or showing that defendant appealed the Warden's decision, and therefore no final administrative decision has been rendered. 28 C.F.R. § 571.63(b), (d). Thus, defendant has not exhausted his administrative remedies, and the Court declines to consider the merits of his motion.").

The Court recognizes, as Barbieri points out, that administrative exhaustion may be unnecessary where the administrative process would be incapable of granting adequate relief. *United States v. Gallagher*, 473 F. Supp. 3d 1362, 1367 (S.D. Fla. 2020) (Ruiz, J.). For instance, exhaustion may be unnecessary where pursuing administrative remedies would cause undue prejudice due to an unreasonable delay in rendering a decision, or where the exhaustion requirement would be futile. *Id.* However, that is not the case here.

Barbieri has not shown that administrative exhaustion would be futile. On the contrary, BOP has taken steps to mitigate the spread of Covid-19,

including limiting Barbieri's interaction with others and offering the Moderna vaccine, which would provide him protection against a serious Covid-19 infection. Barbieri refused the vaccine despite his knowledge that he is at a higher risk for a severe infection. *Gallagher*, 473 F. Supp. 3d at 1367 (finding that exhaustion would not be futile because BOP has taken administrative steps to lessen risks posed by Covid-19 to vulnerable inmates).

Moreover, if the Court waived the requirement of exhaustion of administrative remedies, the motion still fails to present extraordinary and compelling reasons to warrant compassionate release. Barbieri has had the opportunity to become vaccinated and avoid the risks that are the basis for his motion. Inexplicably, he has refused this opportunity. *United States v. Rojas*, No. 18-20923-CR, 2021 WL 1895810, at *6 (S.D. Fla. May 11, 2021) (Altman, J.) (recognizing that the defendant's once-legitimate concerns about Covid-19 would become moot upon availability of a vaccine to protect against serious Covid-19 infections); *see also United States v. Parker*, No. 06-60130-CR, 2021 WL 2434270, at *3 (S.D. Fla. June 14, 2021) (Moreno, J.) (denying motion for compassionate release for failure to identify extraordinary circumstances, explaining "Defendant argues that he has a high probability of being exposed to COVID-19 but the extensive availability of vaccines clearly rebuts that dated argument."). Barbieri also claims that he has been denied necessary medication and timely medical treatment but fails to connect either to one of the examples of extraordinary and compelling reasons identified in the statute or policy statement.

Lastly, even if Barbieri had shown extraordinary and compelling medical reasons for release (which he does not), "a court is not required to reduce a sentence on compassionate release grounds, even if a prisoner qualifies for such reduction because of his medical condition…." *United States v. Rodriguez-Orejuela*, 457 F. Supp. 3d 1275, 1285 (S.D. Fla. 2020) (Moreno, J.). After carefully balancing Barbieri's serious medical conditions against the nature and circumstances of the offenses he pled guilty to, the Court finds that compassionate release is not warranted. *United States v. Rind*, 837 F. App'x 740, 744 (11th Cir. 2020) (affirming denial of compassionate release where the court did not find an "extraordinary and compelling reason to grant [defendant's] release based on its consideration of the 3553(a) factors."). Barbieri pled guilty to serious offenses including conspiracy to commit arms offenses against the United States and illegally exporting firearms. Additionally, Barbieri has served approximately 3 years out of his 12.5 year sentence. Allowing Barbieri to be released after completing less than a quarter of his sentence "would disturb this careful balance by failing to promote respect for the law, provide just punishment for the offense, or afford adequate

deterrence." *United States v. Minnis*, No. 19-CR-20182, 2021 WL 1550429, at *4 (S.D. Fla. Apr. 19, 2021) (Ruiz, J.) (denying motion for compassionate release after balancing the extraordinary circumstances against the defendant's offenses and the amount of time served in his sentence).

### 4. Conclusion

For these reasons, Barbieri's motion for compassionate release is denied. (ECF No. 83.)

**Done and ordered** at Miami, Florida, on June 25, 2021.

Robert N. Scola, Jr.
United States District Judge

Copies furnished to:
Counsel of record

Pro se Defendant Frederik Barbieri
15316-104
Allenwood Low
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 1000
White Deer, PA 17887