United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) )  Criminal Case No. 18-20060-CR-Scola |
| Frederik Barbieri, Defendant. | ) ) ) |

**Order Denying Motion for Sentence Reduction**

This matter is before the Court on the Defendant Frederik Barbieri's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 120.) The Government has responded opposing Barbieri's motion. (Resp., ECF No. 122.) Barbieri has not replied, and the time to do so has passed. After careful consideration of the parties' written submissions, the record, and the legal authorities, the Court **denies** Barbieri's motion for reduction of sentence. (**Mot., ECF No. 120**.)

### 1. Background

On March 13, 2018, a federal grand jury indicted Barbieri with conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 371 (Count One), delivery of firearms to a contract carrier without written notification in violation of 18 U.S.C. § 922(e) (Count Two), smuggling goods outside the United States in violation of 18 U.S.C. § 554 (Count Three), exporting firearms, firearms accessories, and ammunition in violation of 22 U.S.C. § 2778 (Count Four), and possession of firearms with obliterated serial numbers in violation of 18 U.S.C. § 922(k)) (Count Five). (ECF No. 14.) On May 15, 2018, pursuant to a plea agreement (ECF No. 28) and factual proffer (ECF No. 27), Barbieri pled guilty to Counts One and Four of the indictment—specifically, to conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 371 and unlicensed exportation of firearms and firearm accessories from the United States to Brazil in violation of 22 U.S.C. § 2778(b)(2) and (c).

Ahead of Barbieri's sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSI"). After considering Barbieri's objections to the PSI, the Court ultimately determined that Barbieri had a total offense level of 35, a criminal history category of I, and an advisory guideline range of 168-210 months. (*See* Sentencing Tr. 28–29, ECF No. 74.) On July 19, 2018, the Court sentenced Barbieri to 152 months in prison, followed by three

years of supervised release. (J. 2-3, ECF No. 40.) As of the filing of his motion, Barbieri had an anticipated release date of December 10, 2027. *See Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Dec. 6, 2023).

Since Barbieri was sentenced, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders, which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors" ("Amendment 821"). Barbieri now seeks retroactive application of Amendment 821 to the Court's judgment sentencing him to 152 months in prison and three years of supervised release.

## 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). In addition, although Amendment 821 went into effect on November 1, 2023, the policy statement "delays the effective date of orders reducing a defendant's term

of imprisonment to a date no earlier than February 1, 2024." U.S.S.G. § 1B1.10 cmt. n. 7. In other words, if a defendant is scheduled for release before February 1, 2024, he is not entitled to relief under Amendment 821.

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

#### A. Barbieri is not eligible for a sentence reduction.

As noted, the retroactive amendment that Barbieri invokes here is Amendment 821—the adjustment for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. Pursuant to Amendment 821, a defendant is eligible for a two-level reduction in his offense level, if he meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*See id.*

Here, Barbieri plainly fails to meet requirements seven and ten—*i.e.*, that he "did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon . . . in connection with the offense[.]" and that he "did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." *See id.* Among other things, Barbieri's factual proffer establishes that:

> From in or around May 2013 through in or around February 2018, [Barbieri] conspired with others: (1) to possess firearms with obliterated serial numbers; (2) to deliver firearms to a common and contract carrier for shipment in interstate commerce without providing written notice to the carrier that such firearms were being transported; (3) to smuggle firearms, firearm accessories, and ammunition from the United States to Brazil; and (4) to illegally export firearms, firearm accessories, and ammunition designated as defense articles from the United States to Brazil without first obtaining a license or written approval from the United States Department of State, Directorate of Defense Trade Control.

(Factual Proffer 1, ECF No. 27.) It is therefore indisputable that Barbieri does not meet requirement number seven, as the possession and disposition of firearms played an integral role in the offenses for which Barbieri was convicted. In addition, Barbieri received sentencing enhancements as a leader and organizer of his trafficking organization, making him also ineligible for the two-level decrease under requirement number ten. Thus, because Barbieri plainly does not satisfy all the requisite criteria for a two-level reduction in his offense level, his motion must be denied.

Moreover, because Barbieri does not qualify for a reduction pursuant to Amendment 821, the Court declines to reach the second step of the analysis to consider the § 3553(a) factors.

### 4. Conclusion

Accordingly, based on the foregoing, it is hereby **ordered and adjudged** that Barbieri's motion for reduction of sentence is **denied**. (**Mot., ECF No. 120**.)

**Done and ordered** at Miami, Florida on December 6, 2023.

Robert N. Scola, Jr.
United States District Judge